## CITY OF ANADARKO v. KERR.

No. 20382. Opinion Filed Feb. 25, 1930.

Rehearing Denied March 18, 1930.

January 1, 1929, and bearing 5½ per cent. interest per annum, payable semi-annually on January 1st and July 1st of each year, both principal and interest payable at the fiscal agency of the state of Oklahoma in the city and state of New York. That the mayor of said city was authorized on behalf of said city, and did arrange with the owner and holders of said bonds for the refunding thereof by the issuance of negotiable coupon bonds, as more fully appears from the ordinances of said city, certified copies of which with proofs of publication thereof, and certified copies of proceedings showing their adoption which was attached to said petition and made a part thereof. That said waterworks, city hall, light plant, and sewer bonds are fully described in the agreement to refund, copy of said agreement being fully set out in a copy of the ordinance and attached to the petition. That said waterworks, city hall, light plant, and sewer bonds above described, were legally issued for lawful purposes, and that said city has no funds with which to pay said bonds, and is desirous of refunding and paying the same by the issuance of its negotiable coupon bonds as may properly and lawfully be done under and pursuant to the provisions of article 3, chapter 7, Rev. Laws 1910, and other statutes of the state of Oklahoma, supplementary and amendatory thereto, and due notice of this application has been given in the manner and time required by law; a proof thereof was attached to said petition and made a part thereof. That, by ordinance duly passed by the mayor and city council of said city, the negotiable coupon bonds of said city in the sum of $110,000 were authorized and directed to be issued upon the approval and sanction of this court, for the purpose of refunding and paying the indebtedness aforesaid; and that in and by said ordinance the form of said bonds, coupons to be thereto attached; and indorsements and certificates to be indorsed thereon were prescribed, and due provisions made for the levy of a direct tax upon all taxable property in said city, in addition to all other taxes, sufficient to pay the interest on said bonds when due, and to constitute and maintain a sinking fund for the discharge of the principal thereof at maturity. Plaintiff prayed the court to hear this matter upon the proof submitted, to determine and make a finding as to the existence, character, and amount of the outstanding legal indebtedness aforesaid, and cause a statement thereof to be made and entered upon the records of the court; and to render judgment in accordance with said finding and authorize and direct the issuance of said bonds as aforesaid, and to sign said

W. R. Wheeler, City Atty., and Lydick, McPherren & Jordan, for plaintiff in error.

Neal E. Maurer and I. H. Kerr, for defendant in error.

CLARK, J. This is an action by the city of Anadarko, filed in district court of Caddo county, to refund certain existing indebtedness. Plaintiff alleges in its application to refund that said city is a municipal corporation duly organized, existing, and operating under and by virtue of the laws and Constitution of the state. That said city has a legal and binding outstanding indebtedness amounting to the sum of $110,000, evidenced by its waterworks, city hall, light plant, and sewer bonds of Anadarko, Okla., dated January 1, 1909, due

bonds in open court and cause said act of signing to be attested by the court clerk under his official hand and seal, and to direct said court clerk to deliver said bonds to the treasurer of said city at the time and in the manner provided by law.

I. H. Kerr, resident taxpayer, in and for the city of Anadarko, Caddo county, state of Oklahoma, filed his objections to the issuance of said bonds. The defendant Kerr admitted that the bonds were dated January 1, 1909, were duly and regularly issued, and are now outstanding and unpaid, and that there were no funds on hand with which to pay same. Further grounds for objection to the issuance of said bonds: The defendant alleged that the city was without power, authority, or jurisdiction to refund the same because the proposed refunding issue when added to the existing bonded indebtedness of said city, will exceed 5 per cent. of the taxable value of property within said city as evidenced by the last assessment for state and county purposes; and further says that the court was without power, jurisdiction, or authority to authorize such issue under and by virtue of the limitations of section 26, article 10, of the Constitution of the state of Oklahoma.

This cause came on for hearing; evidence was introduced by the plaintiff which disclosed that the total outstanding bonded indebtedness of the city of Anadarko exceeded 5 per cent. of the valuation of the property as ascertained from the last assessment for state and county purposes.

The trial court made the following finding of facts: That the city of Anadarko, Caddo county, Okla., has a legal and binding outstanding indebtedness amounting to the sum of $110,000, evidenced by its waterworks, city hall, light plant, and sewer bonds, dated January 1, 1909, and due January 1, 1929; and that said bonds were issued under and by virtue of the provisions of section 27, article 10, of the Constitution of the state of Oklahoma; that said bonds were issued for lawful purposes and that the city has no funds with which to pay bonds, and that the city has taken the necessary steps for refunding said bonds as required by article 4, chapter 25, of C. O. S. 1921, and other statutes of the state of Oklahoma, supplementary and amendatory thereto, but the court is of the opinion that, inasmuch as said refunding bonds would increase the outstanding bonded indebtedness of said city to an amount in excess of five per cent. of the value of the taxable property within said city, the city is not authorized to issue refunding bonds as prayed for herein, and that section 26 of article 10 of the Constitution of the state of Oklahoma prohibits the issuance of such bonds. The trial court entered its judgment and denied the application of the city to refund said indebtedness, to which action of the court the city excepted and brought the cause here for review.

Plaintiff in error contends that the bonds sought to be refunded were issued by virtue of the provisions of section 27, of article 10, of the Constitution. That the trial court found that said bonds were issued by virtue of the provisions of section 27, of article 10, of the Constitution of Oklahoma, and that the refunding of said bonds is not the creation of the debt as prohibited by section 26, or section 27, of article 10 of the Constitution. That no debt is incurred by a mere change in the form of the existing debt.

This court in the case of State ex rel. Board of Education of Oklahoma City v. West, Atty. Gen., 29 Okla. 503, 118 Pac. 146, in the body of the opinion, said:

"There is no inconsistency between the Statutes of 1905 and section 26, art. 10, of the Constitution. It is true that section 26 limits the indebtedness which may be legally created without a popular vote, but it has no bearing on proceedings for the refunding of an indebtedness once legally created, except in so far as it lays down the rule that the court must follow in determining whether the original indebtedness was legally created."

Many cases were cited by plaintiff in error holding that the refunding of indebtedness does not create a new debt, but just changes the form of the present debt, and for that reason refunding bonds may be issued without a vote of the people.

We are of the opinion that a municipality which issues bonds and thereby becomes indebted, and if at the time the bonds were issued the same were legal and lawfully issued as provided by the laws and Constitution of the state, that the same may be refunded when due, if there are no funds available to pay the same.

Defendant in error cites and relies on Eaton v. St. Louis-San Francisco Ry. Co., 122 Okla. 143, 251 Pac. 1032, in which this court held that bonds issued by a school district under section 26, article 10, of the Constitution, when the same exceeded five per cent. of the value of said school district at the time of issuance, were invalid, in syllabus No. 2, of which reads as follows:

"Section 4272, C. S. 1921, in authorizing the refunding of outstanding warrants, debts, judgments, and obligations, and the

issuance of refunding bonds in lieu thereof, is not repugnant to section 26, art. 10, of the Constitution, as it contemplates that all such warrants, debts, judgments, and obligations must be such as are authorized by law to be incurred, and must be, also, within the constitutional limitation upon incurring indebtedness."

The case of Eaton, Co. Treas., v. St. Louis-S. F. Ry. Co., supra, is distinguished from the case at bar in this: In the Eaton Case the bonds were issued under section 26, of article 10, of the Constitution, which limits the amount of the indebtedness to 5 per cent. of the assessed valuation of the municipality, and this court, in that case held, that where the indebtedness at the time it was created, exceeded 5 per cent. of the assessed valuaton of the municipality, the same was invalid. In the case at bar the indebtedness was created and the bonds issued under section 27, of article 10, of the Constitution of Oklahoma, which contains no such limitation.

We are of the opinion that the Eaton Case, supra, is not controlling in the case at bar. This indebtedness having been created, as found by the trial court, under section 27, of article 10, the same was a valid and binding indebtedness and the refunding of same does not change the character of said indebtedness, and the district court was in error in holding that section 26, of article 10, applied. Judgment of the trial court is therefore reversed, with directions to grant plaintiff in error a new trial and proceed in accordance with the views herein expressed.

MASON, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. LESTER, V. C. J., and HUNT, J., absent.