## PROTEST OF CHICAGO, R. I: & P. RY. CO.

No. 20849.   Opinion Filed April 8, 1930.

Rehearing Denied May 13, 1930.

W. R. Bleakmore, W. L. Farmer, John Barry, and Robert E. Lee, for protestant.

T. G. Ramsey, Special Asst. Co. Atty. of

Coal County, Wilson & Wilson, and Ledbetter, Stuart, Bell & Ledbetter, for respondent.

J. Berry King, Atty. Gen., V. P. Crowe, Asst. Atty. Gen., and Tomerlin & Chandler, amici curiae.

ANDREWS, J. This is an appeal from the judgment of the Court of Tax Review sustaining the protest of the Chicago, Rock Island & Pacific Railway Company against the rate of tax levy fixed by the excise board of Coal county for the sinking fund for school district No. 1, city of Coalgate, for the fiscal year commencing July 1, 1928.

The protestant alleged that the appropriation included "interest and accrual on a funding bond issue," which "funding bond was far in excess of the constitutional limit of five per cent.", and one installment and interest on a number of judgments, at the date of which "the legal outstanding indebtedness of this school district was far in excess of the constitutional limitation of five per cent."

The respondent asserted that the rate of levy as fixed was necessary to pay the interest and retire one-third of certain judgments and to pay the interest and provide a sinking fund to retire certain outstanding refunding bonds.

An examination of this record shows that there is nothing therein from which the court can determine that the indebtedness reduced to judgment or the indebtedness refunded was at the time of the incurring thereof in excess of the income and revenue for those fiscal years.

The evidence of the indebtedness being judgments and refunding bonds, that burden was on the protestant. Van Arsdale v. Olustee School District, 23 Okla. 894, 101 Pac. 1121; City of Sulphur v. State ex rel. Lankford, 62 Okla. 312, 162 Pac. 744, and Hamilton Tp. v. Okmulgee County, 81 Okla. 256, 198 Pac. 300.

The record tends to show that the reason this indebtedness was not paid was that the school district funds were lost through the failure of various banks in Coal county in which the funds of the school district were deposited.

The Court of Tax Review was in error in holding that

"* * * the judgment rendered against said municipality and for which said extra tax levy was made, together with interest on the refunding bonds and sinking fund therefor, was illegal and void, because the indebtedness of said municipality was at and prior to the date of the issuance of said refunding bonds and the rendition of the aforesaid judgments 5% of the total assessed valuation of the property within said municipality. * * *"

That showing was made, but that showing is not sufficient to warrant the holding that the indebtedness involved in this action is not valid.

That holding was an erroneous application of the rule applied in the case of Eaton, County Treas., v. St. L.-S. F. Ry. Co., 122 Okla. 143, 251 Pac. 1032. That case nowhere states that the maximum debt limit is five per cent. of the total assessed valuation of the property within the municipality. The first and third syllabus paragraphs refer to "the limit fixed by the Constitution," the second to "constitutional limitation," the fourth to "limit fixed by section 26, art. 10," the fifth to "constitutional limitation," and the sixth to "limitations." The seventh paragraph refers to other matters. Nowhere in that opinion is it stated that a debt incurred within the income and revenue provided for that fiscal year is void. The context discloses that such an indebtedness is valid. The opinion is clear when it is read with the thought in mind that the limitation fixed by the Constitution is not five per cent., but is five per cent. plus indebtedness incurred during any year, to an amount not exceeding the income and revenue provided for that year; that the five per cent. limitation applies only in cases **requiring the assent of the voters thereof,** and that the five per cent. limitation does not apply in cases not requiring the assent of the voters thereof. The language therein used:

"The obvious purpose of this limitation is to prohibit the state and all municipal subdivisions thereof from incurring any indebtedness during any year in excess of five per centum of the assessed valuation of property for that year,"

—when isolated, has the meaning ascribed to it in the decision of the Court of Tax Review, but when that language is read in connection with the entire text, it can be given no such construction, and no such meaning was intended. The meaning is well expressed therein as follows:

"If a valid debt should be incurred by a municipality, either by contract or by warrants issued, or by a judgment rendered, then if such judgment, warrant, or contracted obligation be within the constitutional limit at the time, it may be refunded without increasing the existing valid indebtedness, as it merely changes the form of such indebtedness, the new form taking

the place of the old, which must be surrendered and canceled."

And the effect of the decision is limited by the specific terms thereof.

"It is the second limitation which controls herein, and no process of theorizing can strip it of the plain meaning with which its language clothes it, to wit: 'Nor in cases requiring such assent shall any indebtedness be allowed to be incurred.'"

An examination of the record in this case shows nothing to indicate that the rate of levy fixed by the excise board was excessive or illegal.

The judgment of the Court of Tax Review is reversed, and the cause remanded, with directions to deny the protest.

LESTER, V. C. J., and HUNT, CLARK, RILEY, CULLISON, and SWINDALL, JJ., concur. MASON, C. J., and HEFNER, J., absent.

Note.—See under (1, 2,) anno. 37 L. R. A. (N. S.) 1058; L. R. A. 1917E, 437, et seq.; 24 R. C. L. p. 609; R. C. L. Perm. Supp. p. 5474. See "Municipal Corporations." 44 C. J. §4065, p. 1132, n. 74. "Schools and School Districts," 35 Cyc. p. 974, n. 20; p. 1037, n. 61.