## ALEXANDER v. BOARD of EDUCATION, TOWN of CARMEN, et al.

No. 21552. Opinion Filed Dec. 13, 1932.

Rehearing Denied Jan. 31, 1933.

Hayes, Richardson, Shartel, Gilliland & Jordan, for plaintiff in error.

W. Adelbert Dillon, for defendants in error.

ANDREWS, J. This is an appeal by the plaintiff from a judgment of the district court of Alfalfa county in favor of the defendants.

The purpose of the action, as disclosed by the petition, was reflected in the prayer thereof, which was as follows:

"Wherefore, plaintiff prays judgment against said defendant for the sum of $31.20, together with interest thereon from March 1, 1929, until paid; and plaintiff further prays, being wholly remediless, that your honorable court issue a writ of mandamus, requiring and compelling said defendants to comply with their duties in the premises, and to make an itemized statement of the estimated needs of the amount required by law for sinking fund purposes to pay the interest on said bond, and to retire the principal at maturity, and make appropriation for such sinking fund purposes, so that

said bond may be retired at its maturity and interest coupons may be paid, and plaintiff further prays for such other and further relief as may be just and proper and for the cost of this action."

The judgment of the trial court was based upon the conclusion of law that the bonds "were issued in excess of five per cent. of the municipal indebtedness as shown in the stipulation in this case."

There are many questions presented by the record in this case. We deem it necessary to determine only one of them, and that is whether or not the indebtedness evidenced by the funding bonds in question, with the other indebtedness of the municipality, is shown by the record to be in excess of the five per centum limitation imposed by the provisions of section 26, art. 10, of the Constitution. We find no evidence thereof. While the record shows that the total of the amount of the bonds in question, added to the amount of the other indebtedness of the municipality at the time of the issuance of the bonds, was in excess of five per centum of the valuation of the taxable property in the municipality ascertained from the last assessment for state and county purposes previous to the issuance of the bonds, we find nothing in the record showing that the amount of the indebtedness evidenced by the bonds in question, added to the amount of the other indebtedness of the municipality at the time of the incurring of the indebtedness evidenced by the bonds, was in excess of five per centum of the valuation of the taxable property in the municipality ascertained from the last assessment for state and county purposes previous to the incurring of the indebtedness evidenced by the bonds, and we find nothing in the record showing that the indebtedness evidenced by the bonds was in excess of the income and revenue provided for the municipality for the year in which that indebtedness was incurred. The indebtedness was not incurred by the issuance of the funding bonds. The indebtedness funded existed prior to the issuance of the funding bonds. The issuance of the funding bonds changed the form of the evidence of the indebtedness. Faught v. City of Sapulpa, 145 Okla. 164, 292 P. 15. Nor does the invalidity of the judgment affect the invalidity of the funding bonds, for, if there was a valid indebtedness, it could have been funded, though no judgment had been rendered thereon. Faught v. City of Sapulpa, supra. If the indebtedness evidenced by the judgment and later evidenced by the funding bonds was invalid, the burden was upon the defendants to show its invalidity, for the plaintiff had made a prima facie showing of the validity of the

indebtedness by showing the funding bonds to have been issued in substantial conformity with the provisions of the statutes of Oklahoma. The defendants made no such showing.

For the reason stated, the judgment of the trial court must be, and is reversed, and the cause is remanded to that court, will directions to enter judgment in favor of the plaintiff. However, the indebtedness evidenced by the funding bonds must be paid from the sinking fund, and the plaintiff is not entitled to a money judgment for the amount sued for. The judgment of the trial court should be in mandamus to require the proper payment to be made from the sinking fund, if there are funds therein available for that purpose, and in mandamus to require the making of proper levies for sinking fund purposes, including the amount evidenced by the funding bonds in question in this action.

RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and CLARK, V. C. J., absent.