## KANSAS CITY SOUTHERN R. CO. v. CITY OF HEAVENER.

No. 26543.   Jan. 21, 1936.

Joseph R. Brown and James B. McDonough, for plaintiff in error.

White & White, for defendant in error.

GIBSON, J. This case involves the validity of a refunding bond issue of the city of Heavener, Le Flore county. The proceeding was instituted for the purpose of funding warrant and judgment indebtedness of the city of Heavener. To the application filed by the city the Kansas City Southern Railway Company, a resident taxpayer, filed its remonstrance. During the trial, that part of the application that sought to fund unpaid warrants was withdrawn and judgment was rendered funding the judgment indebtedness of the city. The indebtedness so funded was a judgment rendered against the city of Heavener on the 23rd day of March, 1934, in cause No. 8703, in the district court of Le Flore county, on warrants unpaid because of failure of revenue to finance the appropriations against which the warrants were drawn. From the judgment authorizing the issuance of the funding bonds, the remonstrant has appealed.

For convenience, the city of Heavener will be referred to hereinafter as applicant and the Kansas City Southern Railway Company as remonstrant.

Remonstrant contends that the judgment is erroneous because the prior judgment, rendered in cause No. 8703, which was funded by the judgment which is complained of here, was void on its face. We do not think that contention tenable. The judgment roll in case No. 8703 was introduced in evidence and consisted of the petition, the summons, and the judgment. An inspection of the judgment roll shows that the petition stated a cause of action, the issuance and service of summons upon the defendant city was regular, and the judgment rendered was valid on its face. Remonstrant contends that the warrants upon which the judgment in cause No. 8703 was rendered were not valid obligations of the city. We cannot consider or determine that question in this proceeding, for here, remonstrant's attack on the judgment in cause No. 8703 being collateral, we are restricted to a consideration of the judgment roll and cannot consider or determine the validity of the warrants upon which the judgment was predicated. Such warrants are not a part of the judgment roll, but are evidence in the case. Bledsoe, Adm'r, et al. v. Green, 138 Okla. 15, 280 P. 301.

Nor does the record presented to us disclose any circumstances showing, or from which it can be inferred, that the judgment sought to be funded was procured by fraud, or was in any wise tainted with fraud.

The remonstrant also contends that the trial court erred in ordering the funding

bond issue because the application disclosed that applicant had already exceeded the constitutional debt limit, and that the issuance of funding bonds in payment of the existing judgment indebtedness would offend against the provisions of section 26, art. 10, of the Constitution. So far as the record discloses, the warrants that were reduced to judgment in cause No. 8703 were issued against and were within valid appropriations. If that be true, the warrants were valid obligations of the city. Section 26, art. 10, of the Constitution did not prohibit the city from becoming indebted by issuing warrants against appropriations so long as the indebtedness thus created did not exceed the income and revenue provided for the payment of the warrants so issued for the year in which the warrants were issued. When the warrants were merged in the judgment rendered against the city in cause No. 8703, the appicant's indebtedness was not increased, but was merey changed from one form of indebtedness to another. Nor was the indebtedness increased when the form thereof was further changed by the issurance of the funding bonds in lieu of the judgment indebtedness. In Eaton v. St. Louis-San Francisco Ry. Co., 122 Okla. 143, 251 P 1032, this court said:

"* * * If a valid debt should be incurred by a municipality, either by contract or by warrants issued, or by a judgment rendered, then if such judgment, warrant, or contractual obligation be within the constitutional limit at the time, it may be refunded without increasing the existing valid indebtedness, as it merely changes the form of such indebtedness, the new form taking the place of the old, which must be surrendered and canceled."

See, also, In re Menefee, 22 Okla. 365, 97 P. 1014; State ex rel. Board of Education v. West, 29 Okla. 503, 118 P. 146; Anadarko v. Kerr, 142 Okla. 86, 285 P. 975; Protest of Chicago, R. I. & P. R. Co., 143 Okla. 170, 287 P. 1023; Faught v. Sapulpa, 145 Okla. 164, 292 P. 15; Alexander v. Board of Education, 161 Okla. 287, 18 P. (2d) 863.

The remonstrant further contends that the issuance of the funding bonds violates the rights guaranteed to it by our Constitution and the Fourteenth Amendment to the Federal Constitution, in that it was being deprived of its property without due process of law. It does not appear that there has been any arbitrary and unreasonable application of a tax on remonstrant's property. The collection of tax legally levied with which to pay a valid obligation of a municipality does not violate the taxpayer's constitutional rights even though it deprives the taxpayer of the profitable use of his property.

The judgment of the trial court is affirmed.

McNEILL, C. J., and BAYLESS, WELCH, and CORN, JJ., concur.