## LEVY BROS. v. BOARD COM'RS OF NOBLE COUNTY.

No. 12983—Opinion Filed April 8, 1924.

(Syllabus.)

**1. Taxation—Tax Sale—Misdescription of Property—Right of Purchaser to Recover Money Paid.**

Money paid by a purchaser at a tax sale for taxable real property regularly assessed, cannot be recovered merely for the reason that the property was listed as improved, when, as a matter of fact, it was vacant.

**2. Same—Recovery of Money Paid on Subsequent Taxes.**

Money voluntarily paid by the holder of a tax sale certificate for subsequent taxes on such property cannot be recovered in the absence of fraud or mistake in making such payment. The mistake in the listing of such real estate as improved property is not such a mistake as will warrant a recovery.

**3. Same — Rule of Caveat Emptor — Statutes.**

The rule of caveat emptor applies to purchases at tax sales, and a purchaser's only remedy is such as is provided by statute. Held, that sections 9751 and 9739 of Comp. Stat. 1921, afford no relief under the conditions existing in this case.

Error from District Court, Noble County; J. W. Bird, Judge.

Action by Levy Brothers, a copartnership composed of Samuel Levy and Leon Levy, against Board of County Commissioners of Noble County, to recover on a certain invalid and illegal tax sale certificate issued by the County Treasurer of Noble County, the amount claimed being $386.55 and interest. Judgment for defendant; plaintiffs bring error. Affirmed.

Twyford & Smith and Leo G. Mann, for plaintiffs in error.

Joe W. Howard, for defendant in error.

WARREN, J. This is a suit wherein Levy Brothers, a copartnership, sue the board of county commissioners of Noble county for $386.55 being the face value of a tax sale certificate on certain property in the city of Perry, together with additional payments for subsequent taxes paid and indorsed on said certificate by the county treasurer, less what plaintiff alleges to have been a proper amount of taxes on the unimproved lot. The property was assessed as improved property, but was in fact vacant.

The aggregate amount of the sale certificate and the subsequent taxes paid was $401.10. Plaintiffs allege that $14.55 thereof was legal, and pray judgment for the difference.

Defendant answers with a general denial, admits that the property was vacant and was erroneously assessed as improved property, but further pleads that plaintiffs were voluntary purchasers at a tax sale and have not complied with the law governing tax sales. Also pleads one year statute of limitations. The parties agreed on a statement of facts which is as follows:

"It is hereby stipulated and agreed by and between the plaintiff and defendant above named, by their respective counsel, that the facts involved in said cause are as follows, and which stipulated facts shall be taken by the court as the evidence in this case on the trial thereof, to wit:

"1st. That the plaintiff is the legal owner and holder of the tax certificate, and indorsements thereon of the payment of subsequent taxes, as alleged in the petition, and acquired the same and made the indorsements mentioned in said petition, and in the amounts therein alleged, and that the facts set forth with reference to the improvements on lot involved are admitted to be true, said lot being unimproved at all times, but was assessed as improved property at the times and in the manner as specified in the petition. That the value of the property was as set forth in the petition.

"It is further agreed, that if plaintiff is entitled to recover at all, the amount of their recovery should be the sum of $386.55, with 6 per cent. interest from the filing of the petition, to wit, Feb. 4, 1921.

"It is further agreed that the title owner of the property made no claim for correction of assessment to the board of equalization of Noble county, Okla., at any time.

"That plaintiff filed with the board of county commissioners of Noble county, Okla., a duly verified claim covering the items claimed in the petition, which was disallowed by said board, and which claim was filed more than one year after the payment of the taxes for 1917, which was the 23rd day of May, 1918, and was filed on, to wit, the — day of —, 191——.

"Dated, this 16th day of May, 1921.
                "Twyford & Smith,
                    "Attorneys for Plaintiff.
            "H. E. StClair,
                    "Attorney for Defendant."

Plaintiffs' chief reliance is on section 9739, Comp. Okla. 1921. This statute was enacted after the incidents complained of in this suit, being chapter 205, Session Laws 1919. It amended section 7405, Revised Laws 1910, which reads as follows:

"When land has heretofore been or shall hereafter be sold, on which no tax was due, and a tax sale certificate issued by the treasurer thereon, the county shall save the purchaser or his assigns harmless by refunding and paying to him or them the original purchase money paid thereon, together with subsequent indorsements, with interest from date of payment at six per cent. per annum."

This provision, which was the law governing correction of erroneous sales at the time, is not applicable for two reasons: First, because the error must be based on the mistake or wrongful act of the treasurer; second, the land must be land on which no tax was due at the time.

There is nothing in the agreed statement of facts to the effect that an error or mistake was made by the county treasurer. It might have been made by the assessor or by the owner in assessing his lot. Then this is not a case where no tax was due, for the vacant lot was surely taxable.

Plaintiffs would be in no better situation under the provisions of section 9739, Comp. Stat. 1921, which only provides for relief when no taxes are due.

Plaintiffs rely on Allsman v. Oklahoma City, 21 Okla. 142, 95 Pac. 468, which was an action to recover license money paid to the municipality but unused because of the prohibitory statute on the coming of statehood. The city had issued the plaintiff a license, but could not deliver for the full term. The plaintiff in that case was prevented by the state from exercising the privilege granted and did not receive that for which he had paid. The court in discussing this case bases its decision largely on Sharp, Appellant, v. City of Carthage, 48 Mo. App. 26. This case clearly distinguishes the refund of a license tax from a refund of an ad valorem tax. The court in that case said:

"The controlling question here is: Can money be recovered back when the object for which it is paid is frustrated, not by accident nor by the act of the party paying it, but by the act of the party to whom it is paid?"

We are, therefore, of the opinion that Allsman v. Oklahoma City, supra, does not control here. In this case plaintiffs purchased a valid tax certificate and received all they paid for. It appears that they paid too much, but all sources of information were open to them as well as to the county officials. They failed to avail themselves of such sources.

The case of Cleveland National Bank v. Board of Education, 72 Oklahoma, 179 Pac. 464, and cases cited are not in point, for

matters in contention were either suits for money had and received or on a quantum meruit, cases in which plaintiffs received nothing in return.

In the present case plaintiffs received and now have all they purchased, and on proper showing will be entitled to a tax deed. Other cases appear to be refunds from void sales, and are not in point.

The county is not a warrantor of the accuracy of an assessment list as to value, nor does it guarantee correct action on the part of its officers. Cooley on Taxation (3rd Ed.) page 1493. The purchasers of this certificate were under no obligation to buy, nor were they under any compulsion to pay subsequent taxes. They were volunteers investing their money in such securities as they believed would return them 18 per cent. per annum, or a tax deed. If the purchase was not worth the money, they simply made a bad bargain. There is nothing in the agreed statement to show that the error was made by any county officer, but even in that event plaintiffs could not recover. The adjoining lot apparently was improved, but was listed as vacant, and the county now has no more than its due. It is very doubtful if the sections of the statute quoted by the plaintiffs in error for a reassessment could reach this particular case. The county will not be required to refund this money and embark on a doubtful enterprise to recover it elsewhere.

There are no decisions, so far as our investigation goes, that present an exact parallel. A near approach is the case of Lindsey v. Boone County, 92 Iowa, 86. This was a suit by a purchaser of tax sale certificate because of an alleged erroneous description of property in that the lot was apparently listed under a questionable ownership and the description was doubtful. The certificate purchaser paid subsequent taxes on the real property and also delinquent personal taxes of the owner, which were a lien on the realty under the Iowa statute. Iowa has statutes similar in effect to ours, but the court held plaintiffs could not recover. In concluding the court said:

"The conclusion reached in this case is not a hard one. It results from the application of well-established rules of law. A purchaser at tax sale must beware. The description of the premises is open to his inspection, and he buys just such as the county offers to give. If it is not sufficient to carry the title, he need not buy. So, with reference to the subsequent taxes, he has the right to pay them, but is not compelled to do so. If he does, the payment is voluntary, and no action will lie to recover them back. The

subsequent taxes were not paid through a mistake, nor was there any fraud in the transaction."

In view of the opinions herein expressed, it is not necessary to discuss the statute of limitations or other propositions.

The judgment of the district court of Noble county will be affirmed.

JOHNSON, C. J., and NICHOLSON, COCHRAN, and LYDICK, JJ., concur.