## YOUNG v. BOARD OF COM'RS OF MAR-SHALL COUNTY.

No. 12627—Opinion Filed Jan. 27, 1925.

(Syllabus.)

**Taxation—Limitation of Actions—Right to Recover for Payments Made for Tax Sale Certificates Issued Against Land Non-assessable.**

The plaintiff filed his action in the dis-trict court to recover certain money alleged to have been paid by him for tax sale cer-tificates issued against Indian lands not sub-ject to taxation, basing his right to recover

on section 9739, Comp. Stat. 1921. Held. under and by virtue of section 9739, Comp. Stat. 1921, where tax sale certificates were, prior to the enactment of said statute, issued against lands not subject to taxation, the purchaser of said certificates may maintain an action to recover his money from the county. Held, further, that his cause of action arose with the passage and approval of this act, and the statute of limitation did not begin to run until the passage and approval of said act.

Error from District Court, Marshall County; Geo. S. March, Judge.

Action by Robert Young against the Board of Com'rs of Marshall County. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Geo. E. Rider, for plaintiff in error.

Geo. L. Sneed, for defendant in error..

PHELPS, J. On the 21st day of November, 1911, V. Gayle, county treasurer of Marshall county, Okla., at a public sale of real property for delinquent taxes held at the office of the county treasurer of Marshall county, bought for the benefit of said county certain real property for the delinquent taxes for the year 1910, and on the 24th day of May, 1912, eight of the tax sale certificates, which are the subject-matter of this action, were assigned by said county treasurer to William Young.

On the 21st day of March, 1920, William Young assigned said tax sale certificates to Robert Young, who on the 25th day of August, 1920, filed suit in the district court of Marshall county against the board of county commissioners to recover the total sum of $307.94, and interest, which he alleged was due on said tax sale certificates, alleging in his petition that the lands against which these tax sale certificates were issued were not subject to taxation, with the exception of certificate No. 374, which the record shows was admitted by all parties to be erroneously issued.

The defendant filed its answer and denied generally the allegations of plaintiff's petition, and further answering, pleaded the statute of limitations, and on the 8th day of November, 1920, the cause came on for trial in the district court of Marshall county, and after plaintiff had introduced his evidence and rested his case, the defendant interposed its demurrer, which was by the court sustained, and judgment rendered for the defendant upon the grounds that plaintiff's cause of action was barred by the statute of limitation. From this judgment and order overruling plaintiff's motion for new trial, the plaintiff prosecutes his appeal to this

court. From the record it appears that there is no dispute as to the facts.

Plaintiff based his right to recover upon chapter 205, Session Laws 1919, page 292, being an act "providing for refunding money actually paid by purchase of tax certificates on land when the same was not due." and which act now constitutes section 9739, Comp. Stat. 1921, and reads as follows:

"When land has heretofore been or shall hereafter be sold, on which no tax was due, and a tax sale certificate issued by the treasurer thereon, the county shall save the purchaser or his assigns harmless by refunding and paying to him or them the original purchase money paid thereon, together with subsequent indorsements, with interest from date of payment at six per cent. per annum."

This act was amendatory of section 7405 of Rev. Laws 1910, which reads as follows:

"When by mistake or a wrongful act of the treasurer, land has been sold on which no tax was due at the time, the county shall save the purchaser harmless by paying him the amount of principal and interest at the legal rate of interest per annum from the date of sale."

The act upon which plaintiff bases his action was approved and went into effect on March 29, 1919, and it is evident that it was the intention of the Legislature to provide a just and adequate means for reimbursing those who, in good faith, had paid taxes, or bought tax sale certificates from the county where the lands against which the tax sale certificates were issued were not subject to taxation. It is a matter of common knowledge that a great many tracts of land, especially Indian lands, soon after statehood, were assessed for taxes, and the taxes in many instances paid without protest. either under an honest belief that the taxes were due, or in order to prevent a cloud upon the title of the real estate; and in the case at bar it appears that the lands covered by seven of the tax sale certificates were Indian lands and were not subject to taxation, and that the land covered by the other tax sale certificate was doubly assessed, and that there were no delinquent taxes against said land at the time this tax sale certificate was issued.

The general laws of this state governing such matters contain numerous restrictions and limitations, but it was doubtless the intention of the Legislature to provide a just and adequate means to reimburse one who had thus paid funds into the county treasury, to which the county had no just claim. It is doubtful whether section 7405, Rev. Laws 1910, is broad enough to have enabled the plaintiff to recover the money so paid.

and it was the evident intention of the Legislature in the amendment, which is now section 9739, Comp. Stat. 1921, above quoted, to provide a remedy for the relief of those who had heretofore parted with their money and received no benefits therefrom, and to our mind it is a just and salutary provision of the law, for we cannot harmonize the practice of allowing a municipality to receive and accept a taxpayer's money, giving him nothing therefor, and refusing to return the same when it is ascertained that an error has been committed, with common every day honesty, any more when it applies to a municipality than when it applies to an individual.

In the case of Broadwell v. Board of County Commissioners of Bryan County, 88 Okla. 147, 211 Pac. 1040, this court held:

"That the statute of limitations begins to run when the cause of action accrues, and the true test to determine when the cause of action accrued is to ascertain the time when the plaintiff could first maintain his action to a successful result."

In our opinion the plaintiff in this case could have maintained his action "to a successful result" immediately after the passage and approval of section 9739, Comp. Stat. 1921, which was on March 29, 1919, and since this action was commenced on the 25th day of August, 1920, his action was not barred by the statute of limitation, and the district court committed error in sustaining the demurrer to plaintiff's evidence.

For the reasons above given, the judgment of the district court is reversed, and the case remanded, with instructions to the district court to render judgment for plaintiff for the amount of the certificates, with interest thereon at six per cent.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, MASON, LESTER, CLARK, HUNT, and RILEY, JJ., concur.