## SCHUMAN v. BOARD OF COM'RS OF McINTOSH COUNTY.

No. 21630. Opinion Filed April 18, 1933.

W. R. Banker, for plaintiff in error.

Milam M. King, for defendant in error.

ANDREWS, J. The plaintiff in error as plaintiff, filed his petition and amended petition in the district court of McIntosh County against the defendant in error, as defendant, praying for the recovery of a sum of money alleged to be due to the plaintiff under the provisions of chapter 30, Session Laws of 1925, section 12749, O. S. 1931. It was alleged, in substance, that the plaintiff purchased certain real property at a purported resale held by the county treasurer, for which he received a purported resale deed, and that the deed was void by reason

of certain defects in the procedure, among which was the want of proper notice of the sale and the holding of the sale in the county court room instead of in the office of the county treasurer where it was advertised to be sold.

The defendant filed a demurrer to the plaintiff's petition on the ground that the petition did not state a cause of action against the defendant in favor of the plaintiff. On the presentation thereof, it was contended that chapter 30, Session Laws 1925, supra, does not relate to resale and resale tax deeds, and that it was not alleged that the owner of the land described in the petition had sought recovery thereof. The court sustained the demurrer, and the plaintiff elected to stand on his petition. The plaintiff appealed.

The only question presented is, Did the plaintiff's petition state a cause of action in favor of the plaintiff and against the defendant? The plaintiff contends that he is entitled to recover under the provisions of chapter 30, Session Laws 1925, supra. The defendant denies that claim.

The statute, supra, is the result of various legislative changes in a law which was first enacted as section 15, art. 9, of the general revenue bill (chapter 38, Session Laws 1909) and brought forward as section 7405, R. L. 1910, as follows:

"When by mistake or a wrongful act of the treasurer, land has been sold on which no tax was due at the time, the county shall save the purchaser harmless by paying him the amount of principal and interest at the legal rate of interest per annum from the date of sale."

It is noticeable that in that provision the right to refunds was limited to cases when, by mistake or wrongful act of the treasurer, land had been sold for taxes "on which no tax was due at the time." At the time of the enactment of that provision, there was no law in Oklahoma providing for the resale of land for delinquent taxes.

The section, supra, was amended by chapter 205, Session Laws of 1919, section 9739, C. O. S. 1921. The purpose of the amendment was disclosed by the title, which was as follows:

"House Bill No. 296. Authorizing Refunds to Tax Certificate Purchasers.

"An act to amend section 7405, art. 9, ch. 72, of the Revised Laws of 1910, of Oklahoma, providing for refunding money actually paid by purchase of tax certificates

on land when the same was not due; and declaring an emergency."

The section, as amended, provided:

"When land has heretofore been or shall hereafter be sold, on which no tax was due, and a tax sale certificate issued by the treasurer thereon, the county shall save the purchaser or his assigns harmless by refunding and paying to him or them the original purchase money paid thereon, together with subsequent indorsements, with interest from date of payment at six per cent. per annum."

We notice that the section, as amended, conforms to the title and limits refunds to cases when land has been sold on which no tax was due and when a tax sale certificate had been issued by the treasurer thereon.

That provision was amended by chapter 30, Session Laws of 1925, supra. The title of that act is as follows:

"Refunding Money Paid on Tax Certificates.

"An act to amend section 7405, art. IX, ch. 72, of the Revised Laws of 1910, of Oklahoma, being section 9739 of the Compiled Statutes of Oklahoma, 1921, as amended by House Bill No. 296, chapter 205, of 1919 Session Laws, entitled 'An Act to amend section 7405, art. IX, ch. 72, of the Revised Laws of 1910, of Oklahoma, Providing for refunding money actually paid by purchase of tax certificates on land when the same was not due; and further providing for refunding money paid at tax sale for lands or lots on which improvements were assessed when none existed or where such sale was or is otherwise illegal, and limiting the time to commence actions thereon,' and declaring an emergency"

—and that act is as follows:

"When lands or lots which have heretofore been, or shall hereafter be sold, and tax sale certificates or tax deeds issued by the county treasurer therefor, on which land or lots no tax was due, or where said sale was, or is otherwise illegal, or a portion of such tax covered improvements which were not on the premises at the time same were assessed, the county shall save the purchaser or his assigns harmless by refunding and paying to him or them the original purchase money paid thereon together with subsequent payments with interest from date of payment at six (6) per cent. per annum. No action for such refund shall be commenced after the expiration of five (5) years from the time a tax deed might have been applied for, had the sale been valid."

By that amendment "lots" were added in order that it might apply to lots as well as to land; "tax deeds" was added in order that it might apply when tax deeds had been issued as well as when tax sale certificates had been issued; "where said sale was, or is otherwise illegal, or a portion of such tax covered improvements which were not on the premises at the time same were assessed," was added in order that it might apply in those cases, and other changes were made immaterial to the discussion herein. The section, as amended, was limited to cases where a tax sale certificate or a tax deed had been issued by the treasurer therefor.

The plaintiff contends that the term "tax deeds" in the section, as amended, includes tax deeds which were issued pursuant to the provisions of sections 12755 and 12756, O. S. 1931, commonly known as "resale" tax deeds, as well as to tax deeds which were issued pursuant to the provisions of section 12759, O. S. 1931, commonly known as "certificate" tax deeds. He contends that a resale tax deed is a tax deed as much as a certificate tax deed is a tax deed, and that any deed issued pursuant to a tax sale is a tax deed. He cites in support thereof the decision of this court in Cochran v. Sullivan, 94 Okla. 23, 220 P. 870, and a number of other decisions of this court. An examination of those authorities discloses that none of them are determinative of the issue presented.

There are material distinctions between resale tax deeds and certificate tax deeds. Some of those distinctions were pointed out in the decision of this court in Swan v. Kuehner, 157 Okla. 37, 10 P. (2d) 707. We do not think it necessary to elaborate on that subject.

Not only do the titles to the successive legislative enactments limit the classes, but the acts show fully the classes of cases in which such relief may be obtained. In none of them is there any reference to resale tax deeds. We think that the intention of the Legislature is expressed in the limitation contained in the last sentence of the existing section, as follows:

"No action for such refund shall be commenced after the expiration of five (5) years from the time a tax deed might have been applied for, had the sale been valid."

Prior to the enactment of that amendment, there was no such provision in the act.

The United States District Court for the Eastern District of Oklahoma, in United

States v. Southern Surety Co., 9 Fed. (2d) 664, held that:

"Limitations do not run against right of assignee of a certificate of tax sale issued by county treasurer as result of purchase by county, to recover taxes illegally paid, until after specific adjudication that tax certificate is void"

—and that:

"Where a cause of action arises in favor of a person paying taxes not legally due, the limitation begins to run from the day of payment."

Therein it criticised the holding of this court in Young v. Board of Com'rs, 108 Okla. 27, 233 P. 428, that the limitations began to run with the passage of the statute giving the right of recovery, on the theory that such a construction of an act violated the provisions of section 52, art. 5 of the Constitution. The decision in Young v. Board of Com'rs, supra, is probably a reason why the Legislature added the limitation provision to the act. Under that limitation provision, the Legislature provided, in terms, that the limitation should not begin with the passage of the act, with the payment of tax, or with a specific adjudication that the tax certificate is void. It provided that the limitation should begin with the time when a tax deed might have been applied for, thereby fixing a definite period for the commencement of limitation. A tax deed issued upon a tax sale certificate is the only kind of a tax deed which need be applied for. Section 12759, O. S. 1931 (section 9749, C. O. S. 1921). Section 12756, O. S. 1931 (section 9746, C. O. S. 1921), provides that the county treasurer shall issue, execute, and deliver resale tax deeds within 30 days after the resale. No application therefor is necessary.

It will be noted that the provision is for a refund of the original purchase money with interest. The original purchase money of a tax sale certificate or of a certificate tax deed is the amount of tax, interest, penalties, and costs paid to the county for the tax sale certificate, or, in other words, the amount of the tax on the land purchased, together with the interest, penalties, and costs thereon. The word "original" was doubtlessly used in the act to limit the amount to be refunded to the amount actually paid to the county treasurer and for the purpose of making clear the fact that there was to be no refund of any money paid out by the holder of the tax

sale certificate for notices or other purposes. Under such a construction, the county pays out nothing that it did not receive. The amount refunded may be properly charged by the county treasurer on his books proportionately to the state and its political subdivisions. A materially different situation is presented in the consideration of resale tax deeds. The original purchase price of resale tax deeds may be more or less than the amount of taxes, interest, penalties, and costs, where the sale is of vacant lots in cities and towns, and it may be equal to or greater than the amount of the taxes, interest, penalties, and costs in other cases. Section 12755, O. S. 1931. The excess is required to be held for the prior owner of the land to be withdrawn by him within two years. Section 12756, O. S. 1931. If the original purchase money is refunded to the purchaser of a resale tax deed and the original purchase money exceeded the amount of the taxes, interest, penalties, and costs, and the excess was withdrawn by the prior owner of the land, how is the county to be reimbursed therefor? To hold that the Legislature intended that resale tax deeds should be included within the provisions of the act, would be to hold that it intended that the county treasurer should refund amounts that had been paid to the county for the use and benefit of prior owners of the land.

We think that the act is not susceptible of the construction contended for by the plaintiff, and that it does not include resale tax deeds.

In Scott v. Morris, Co. Treas., 129 Okla. 117, 263 P. 672, referred to by the plaintiff, the suit was brought under the same statute as in the instant case, but the question of the applicability of the statute was not raised by the pleadings, and the case was determined upon the question of the statute of limitations. That the court was careful to avoid any misinterpretation as to its meaning and the extent of its holding, is shown by the use therein of the statements, "Assuming, but not deciding that this section is the controlling provision of the law," and "Therefore, assuming that the provision of the law relied on is here applicable."

The plaintiff concedes that, in the absence of a statute specifically granting the relief asked for in his petition, no recovery can be had, and that the rule of caveat emptor applies, as held in Levy Bros. v. Bd. of Com'rs, 101 Okla. 241, 225 P. 387. The statute offers no such relief as con-

tended for here. The plaintiff's petition did not state a cause of action, and was subject to demurrer.

The judgment of the trial court is affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur.