HOWERTON v. BOARD OF COM'RS OF TULSA COUNTY et al.

No. 29988. March 31, 1942.

Rehearing Denied June 30, 1942.

*127 P. 2d 173.*

F. J. Lucas, of Tulsa, for plaintiff in error.

Dixie Gilmer, County Atty., and John F. Conway, Asst. County Atty., both of Tulsa, for defendants in error.

GIBSON, J. This is an action by the purchaser of a void resale tax deed to recover from the county and from the county treasurer individually and as such official the sum paid therefor at the sale. The trial court sustained a demurrer to plaintiff's evidence and rendered judgment for defendants, and plaintiff appeals.

The evidence consisted of a stipulation to the effect that the land described in the deed was a restricted Indian allotment and not subject to taxation for the years for which it was sold, and the testimony was that the plaintiff paid the county the sum of $171.78 therefor at the resale, and that the defendants still retain the money so paid.

Plaintiff relies on no statutory authority granting permission to maintain such a suit, but casts his action in assumpsit for money had and received.

Defendants take the position that in order to maintain an action for the recovery of money against the county there must be a statute authorizing it, or the claim sued on must arise from contract, express or implied, which finds authority in law. Schulte v. Board of County Commissioners, etc., 122 Okla. 205, 253 P. 494. They say that the only statutory authority for the recovery of money paid for a void tax deed is found in section 12749, O. S. 1931, 68 Okla. St. Ann. § 390, and that said section does not apply to resale tax deeds, but to certificate deeds alone.

Defendants are correct in their statement that the above statute does not apply to resale tax deeds. Schuman v. Board of County Commissioners, etc., 163 Okla. 118, 21 P. 2d 40; Sinclair Prairie Pipe Line Co. v. Excise Board of Tulsa Co., 173 Okla. 375, 49 P. 2d 114. And we agree that there is no statutory authority for the maintenance of a suit against the county for the recovery of money paid for a void resale tax deed. We also agree that the contract which the law implies in case of money had and received is not of that character which the county is authorized by statute to execute or to consummate.

But plaintiff says in effect that, due to the particular circumstances of the instant case, permissive legislation was unnecessary to his right to recover. It is urged that, since no taxes were due the county, it had no lien on the land and no authority whatever to offer the same for sale; that the deed in legal effect was nothing more than a scrap of paper. Swan v. Kuehner, 157 Okla. 37, 10 P. 2d 707.

Such circumstances, says plaintiff, renders the case materially different from those cases where there are taxes actually due the county and the deed is void for some reason other than the nontaxability of the land. Payment of taxes, it is urged, or the purchase of the land at a sale to satisfy an asserted tax lien, where no tax is due, does not constitute that character of voluntary payment where the party paying is left without recourse against the county, but in such case the county wrongfully receives the money, and, as in the case of an individual, holds the same for the use of the party making the payment, and the county is subject to the implied promise to repay.

Though a count for money had and received may be proper in an action against the county to recover money paid for a void tax deed (61 C. J. 1477), the general rule is that the holder of such deed has no remedy against the county or its officers in the absence of permissive legislation. 61 C. J. 1463, §§ 2069, 2071. The latter section states the rule as follows:

"In the absence of statutory provision for relief, the holder of an invalid tax title has no remedy against the body

for whose benefit the sale was made nor against the official making the sale."

And such is the common-law rule. Section 2072, Id.

In .Sinclair Prairie Pipe Line Co. v. Excise Board, above, we held as void a judgment for refund of money paid for a void resale tax deed, saying: "There is no provision of law for a refund to the purchaser of a resale tax deed of the amount of the original purchase money."

Since there is no statutory authority for the refund in the instant case, there can be no recovery from the county. The governing rule is stated in Levy Bros. v. Board of Commissioners, etc., 101 Okla. 241, 225 P. 387. It reads as follows:

"The rule of caveat emptor applies to purchases at tax sales, and a purchaser's only remedy is such as is provided by statute."

So far as the treasurer is concerned, he may proceed in good faith and in the manner provided by law to collect the taxes appearing on his tax rolls and ordinarily be saved from personal liability. 61 C. J. 1463, supra. See, also, Vahlberg. Co. Treas., v. Porter, 177 Okla. 380, 59 P. 2d 771, 773.

Plaintiff relies on the last-cited case as authority supporting his action for money had and received and his right to recover the sum paid for the deed. It was held there that a count for money had and received was proper in an action against the county treasurer in his official capacity to recover money paid in satisfaction of taxes representing levies declared illegal by the Court of Tax Review. But the refund in that case was authorized by statute, section 12313, O. S. 1931, 68 Okla. St. Ann. § 339. The case is therefore not in point.

Plaintiff also cites Meriwether v. Board of Commissioners, etc., 150 Okla. 223, 1 P. 2d 390, but, like the above case, there was statutory authority for the refund. Other cases and texts dealing with the remedy of money had and received are called to our attention. But they are of no weight in actions for the recovery of money paid for tax titles where no statutory authority for refund exists.

The judgment is affirmed.

WELCH, C. J., and OSBORN, BAYLESS, and ARNOLD, JJ., concur. CORN, V. C. J., and RILEY, HURST, and DAVISON, JJ., dissent.

---

HURST, J. (dissenting). I dissent. I agree that the county treasurer is not personally liable, but do not agree that the county is not liable. I think the construction placed on 68 O. S. 1941 § 390, to the effect that it does not apply to resale tax deeds, in Schuman v. Board of County Commissioners, 163 Okla. 118, 21 P. 2d 40, and Sinclair v. Excise Board, 173 Okla. 375, 49 P. 2d 114, is erroneous and should be no longer followed.

The general rule is that, in the absence of statute, the purchaser of an invalid tax title cannot recover from the county the purchase price, since the rule of caveat emptor applies in such a case. See 61 C. J. 1464, § 2072; 26 R.C.L. 435, § 391; Levy Bros. v. Board of County Commissioners, 101 Okla. 241, 225 P. 387. The result of the rule is that the purchaser of nontaxable land, such as is involved in the present case, is left without a remedy, and the county is unjustly enriched, since it retains money it was not entitled to collect. Such a rule of course has a tendency to discourage investors from purchasing at tax sales and paying a fair price for the property sold. To remedy this condition, statutes have been enacted in many of the states to authorize recovery in such a case. 61 C. J. 1464, § 2073; 26 R.C.L. 435, § 391. It is said in the cited texts that such statutes are to be strictly construed against the purchaser, but that rule does not obtain in this state. Such statutes, being remedial and in derogation of the common law, are to be liberally construed "to promote their object" and "to effect their object and promote justice" as provided in 12 O. S. 1941 § 2 and 25 O. S. 1941 § 29.

Statutes have for many years existed in Oklahoma Territory and in this state allowing refunds in certain cases. At first the refund was allowed "when by mistake or a wrongful act of the treasurer, land has been sold on which no tax was due at the time." See Statutes of Oklahoma, 1903 (Wilson) § 6029; section 7405, R. L. 1910. This statute was amended in 1919 and liberalized in favor of the purchaser by authorizing the refund "when land has heretofore been or shall hereafter be sold, on which no tax was due, and a tax sale certificate issued by the treasurer thereon." See section 9739, C.O.S. 1921; chapter 205, S. L. 1919. Again in 1925 the statute was amended so as to authorize a refund "when lands or lots which have heretofore been, or shall hereafter be sold and tax sale certificates or tax deeds issued by the county treasurer therefor, on which lands or lots no tax was due, or where said sale was or is otherwise illegal, or a portion of such tax covered improvements which were not on the premises at the time same were assessed." 68 O. S. 1941 § 390. The last amendment, which is now in force, not only greatly liberalized the statute in favor of the purchaser, but it also contained a statute of limitation, as follows:

"No action for such refund shall be commenced after the expiration of five (5) years from the time a tax deed might have been applied for, had the sale been valid."

It will be seen that the last amendment for the first time specifically authorized a refund of the amount paid for "tax deeds." The statute is general and does not specifically confine the relief to purchasers at any particular kind of tax sale or holders of any particular kind of tax deeds. The Schuman decision, above, assigns three reasons why the Legislature intended the statute not to cover resale tax deeds: (a) the title to the act; (b) the language of the last sentence prescribing a statute of limitations; and (c) that the county might be compelled to pay out money it had paid to the former owner and could not recover back.

a. The title simply purports to amend the 1919 law, and in referring to that law quotes the title thereto. The Schuman opinion quotes as part of the title the statement "Refunding Money Paid on Tax Certificates." This clause is not in the enrolled bill, but is a headnote added by those who compiled the 1925 Session Laws. The words "tax deeds" are not mentioned in the title to the 1925 act. There is nothing in the title to indicate that the Legislature intended to make a distinction between certificate tax deeds and resale tax deeds.

b. The section contains two independent sentences separated by a period. The first sentence gives the purchaser or his assigns the right to a refund. The second limits his right to commence an action to recover the refund to five years "from the time a tax deed might have been applied for." While it is true that the county treasurer is required to issue a resale tax deed within 30 days after the sale without application being made therefor by the purchaser, yet we know of no reason why the purchaser may not apply for the deed immediately after the sale. It is also true that the county treasurer is not authorized to issue a certificate tax deed until the holder of the certificate applies for it. I do not believe the Legislature intended the expression in the last clause to take from the right granted in the first clause. The most that can be said in favor of the position taken in the Schuman opinion is that the expression renders the whole section ambiguous, in which event we are, by 12 O. S. 1941 § 2 and 25 O. S. 1941 § 29, required to construe the statute liberally in favor of the purchaser so as to carry out the purpose of the act and promote justice. Justice is not promoted by applying one rule to the holder of a certificate tax deed and another to the holder of a resale tax deed. In neither case is it just for the county to keep the money it collected illegally.

c. The third objection goes largely to the wisdom of the law. That question is one for legislative, not judicial, consideration. The statute fixes the amount to be refunded as "the original purchase

money paid thereon together with subsequent payments with interest from date of payment at six (6) per cent per annum." I see nothing ambiguous about this language. The purchaser is entitled to be made whole with legal interest. The expression "original purchase money" simply means the amount for which the property was sold to the purchaser, whether more or less than the amount due on the tax liability. There is nothing in the language of the section indicating that the Legislature intended to make a distinction between a case where the former owner had taken the money down or had not. That is a matter that the purchaser has nothing to do with. The Legislature did not deem it wise to make such a distinction, and the courts have no right to.

I conclude that the Legislature did not intend the distinction that is made in the Schuman Case. I think the statute was intended to abrogate the common-law rule of caveat emptor as to purchasers at resales as well as to holders of certificate tax deeds. I think the decision in the Schuman Case, which was followed in the Sinclair Case, is against the public interest, defeats the intention of the Legislature and in a measure continues the mischief sought to be avoided, by making it hazardous to purchase tax titles, thereby chilling tax resales, and materially reducing the public revenues that would otherwise be collected.

Accordingly, I think the decisions in Schuman v. Board of County Commissioners, above, and Sinclair v. Excise Board, above, should be overruled insofar as they hold that 68 O. S. 1941 § 390 does not apply to void resales of nontaxable land.

For the reason stated, I respectfully dissent.

Mr. Justice DAVISON concurs in this dissent.