## PROTEST OF CHICAGO R. I. & P. RY. CO.

No. 21375. Opinion Filed Sept. 8, 1931.

W. R. Bleakmore, W. L. Farmer, Robert E. Lee, and John Barry, for protestant.

Randall Pitman, Co. Atty., Roy F. Lewis, Asst. Co. Atty., F. H. Reily, and Ray Evans, for protestee.

ANDREWS, J. This is an appeal by the protestees from a judgment of the Court of Tax Review sustaining the protest of the Chicago, Rock Island & Pacific Railway Company against certain tax levies of Pottawatomie county for the fiscal year commencing July 1, 1929.

The first item presented on the appeal involved the sinking fund of consolidated school district No. 1. The protestant confesses error in the judgment of the Court of Tax Review on the basis of the decision of this court in Protest of Chicago, R. I. & P. Ry. Co., 143 Okla. 170, 287 Pac. 1023. On the basis of that confession of error, the judgment of the Court of Tax Review is reversed, and the Court of Tax Review is directed to vacate its judgment and to enter a judgment denying the protest as to the sinking fund of consolidated school district No. 1.

The remaining item presented on the appeal involved the sinking fund of school district No. 93.

It is contended that the Court of Tax Review erred in permitting the protestant to amend its protest after the expiration of 40 days from the date of the filing of the budget with the State Auditor. The decisions cited by the protestee in support of that contention are neither controlling nor persuasive. An examination of Initiative Petition No. 100 discloses that any taxpayer may, at any time within 40 days from the date of filing of the budgets and levies with the State Auditor, file "a protest in writing * * * against any alleged illegality of any levy. * * * The said protest shall specify the said alleged illegal levy and the grounds upon which said alleged illegalities are based. * * * If no protest is filed by any taxpayer as to the levy of any county or municipal subdivision thereof within said 40 days period, all appropriations and levies of said county and municipal subdivisions thereof not protested, shall be deemed to be legal, and all proceedings for refunds or suits for refunds or recovery of taxes or to contest the validity thereof in any manner shall be barred." The provisions of the act indicate an intent to provide a definite time within which protests are to be filed in order that the legality of the appropriations and tax levies of the county and municipal subdivisions thereof, where no protest thereof has been made, may be speedily determined.

Under the provisions of the act, in the absence of a protest, the appropriations and levies shall be "deemed to be legal." However, where a protest has been filed within the time provided, the appropriations and levies are not "deemed to be legal," but the legality thereof is an issue to be determined by the Court of Tax Review at a hearing held for that purpose. A protest was filed in the instant case, and the question submitted is whether or not additional grounds of protest might be set forth by way of amendment of the original protest after the expiration of the period for filing protests.

The evident purpose of the act and the provisions thereof require us to hold that, where a protest has been filed within the statutory period, setting forth the ground upon which the alleged illegalities are based, additional grounds of alleged illegalities may be set forth by way of amendment to the original protest at any time prior to the judgment of the Court of Tax Review. We so hold. That holding is in conformity with the decisions of this court construing the statute with reference to tax protests prior to the adoption of the act in question. In Jones, Co. Treas., v. Kennedy, 118 Okla. 224, 247 Pac. 53, this court held:

"The purpose of the provisions of section 9971, C. O. S. 1921, requiring the taxpayer to give notice to the officer collecting the tax showing the grounds of complaint, was to require the person complaining to point out the portion of the tax which the taxpayer claims was illegal, together with a sufficient statement of the objections to notify the collector of the character of the objections. It was not contemplated that the protest should be in any particular form or that it should meet the requirements of a petition filed in court for the recovery of the taxes. A notice of protest which points out the specific items complained of, together with the exact amount of each tax which it was asserted had been illegally levied and alleging that such taxes were illegal because they had been levied without authority to make the levy or because the levy was excessive, was a sufficient compliance with the statute."

See, also, Oklahoma News Co. v. Ryan, Co. Treas., 101 Okla. 151, 224 Pac. 969.

The allowance of amendments to pleadings is within the sound judicial discretion of the trial court. Lamb v. Alexander, 83 Okla. 292, 201 Pac. 519; Magna Oil & Refining Co. v. Parkville Oil Corp., 96 Okla. 157, 221 Pac. 65; Oklahoma, K. & M. R. Co. v. Wilson, 84 Okla. 118, 202 Pac. 275. We think that that rule is applicable to tax protests before the Court of Tax Review.

The protest in the instant case, as originally filed, was as to a levy of 5.2532 mills for sinking fund purposes for school district No. 93, on the ground that the same was excessive and void in the amount of .7302 mill, for the reason that certain judgments were in excess of the 5 per cent. constitutional limitation and in excess of the revenue provided for the year and therefore illegal and void. The amendment permitted by the Court of Tax Review was to show that these judgments were void on account of the fact that the school district was not brought into court by proper process. We think there was no abuse of discretion on the part of the Court of Tax Review in permitting the amendment.

The attack was made upon three judgments, but only two of them are presented on the appeal. Our remarks will be confined to those two. One of them was a judgment in favor of the Lambard-Hart Loan Company. On the 31st day of August, 1928, that company filed its petition in the district court of Pottawatomie county in which it alleged that the school district "entered into an agreement with the plaintiff, to the effect that if the plaintiff would deepen said sewer sufficient to provide sewerage for the piece of land owned by the defendant west of said Jefferson Terrace addition the said defendant would pay the cost of the difference in the price that it would require to deepen said sewer." On the same date there was filed in that cause an instrument which, with the caption omitted, was as follows:

"Answer.

"Comes now the defendant in the above entitled cause and answering to the various causes of action set forth in plaintiff's petition, and admits the indebtedness set forth in each cause of action and says that it has no funds out of which said sum can be paid at this time, but that it is indebted to said plaintiff in said amount.

"Board of Education
"By J. T. McIntyre, President."

On the same date the trial court rendered the judgment, which shows that a jury was waived and that the cause was submitted to the court "by agreement of the parties." That judgment was rendered after the plaintiff had introduced its evidence. There was no evidence offered by the defendant. The judgment roll shows no service of summons upon the school district, no acceptance of summons by any one upon whom service of summons could be made, no waiver of service by any one authorized to bind the school district by waiver, and no entry of appearance of the school district by any one with authority so to do. It shows no defense to the action by any one for the school district, either in the pleadings or on the trial.

The Oklahoma School Equipment Company judgment was obtained in the same manner. It was for $10,478.82 for school supplies and equipment.

The record shows that there had been no appropriation for the payment of the cost of the construction of a sewer. None is claimed herein unless by inference that the cost thereof might have been paid out of the appropriation of $7,000 for "other expenses." There can be no such inference for the reason that a school district may not pay an item of $4,360.69 for cost of sewer construction out of an appropriation for "other expenses." The amount of the item is entirely disproportionate to the appropriation for "other expenses." If, for no other reason, we would have to hold that that appropriation was void as not being sufficiently itemized. The record shows that there was no sufficient appropriation for the supplies and equipment involved in the second case.

The answers filed in the two cases were nothing more than confessions of judgment,

and the trial court did not acquire jurisdiction of the person of the school district thereby. The instruments show upon their face to be in excess of authority of the individual executing them, and, being void upon their face, they cannot be held to constitute entries of appearance by the school district in the actions.

Under the authority of the decisions of this court in Oklahoma City v. McWilliams, 108 Okla. 268, 236 Pac. 417, and In re Gypsy Oil Co., 141 Okla. 291, 285 Pac. 67, both of the judgments were void.

There was no error on the part of the Court of Tax Review in sustaining the protest as to school district No. 93, and that judgment is affirmed. The cause is remanded, with directions to enter judgment in accordance herewith.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and HEFNER, J., absent.