## PROTEST OF CHICAGO, R. I. & P. RY. CO.

No. 23471.   Opinion Filed June 6, 1933.

C. N. Ernest, Co. Atty., for plaintiff in error.

W. R. Bleakmore, John Barry, W. L. Farmer, and Robert E. Lee, for defendant in error.

ANDREWS, J.   This is an appeal by the protestee from a judgment of the Court of Tax Review sustaining a protest of taxes for the fiscal year commencing July 1, 1931.

The first issue presented involves an appropriation for the purpose of paying per diem of the county commissioners of Grant county for overseeing road and bridge work in the sum of $1,850. The entire amount was stricken by the Court of Tax Review.

An examination of the statutes of Oklahoma discloses a legislative policy to provide for compensation for county commissioners in addition to the compensation fixed by the salary act. Such a policy has been in force and effect at least since 1903. By the provisions of section 9, chapter 29, Session Laws 1903, provision was made therefor, and that provision was carried into section 31, article 1, chapter 32, Session Laws 1909, section 7581, R. L. 1910, section 10024, C. O. S. 1921. That provision was not repealed by chapter 173, Session Laws 1915. Although the title thereof provided for the repeal thereof, there was no provision for the repeal thereof in the repealing clause. By the provisions of chapter 173, supra, additional duties were imposed on the county commis-

sioners, and by the provisions of section 3, article 6, of the chapter, section 10157, C. O. S. 1921, section 10141, O. S. 1931, additional compensation was provided. Section 10024, supra, was erroneously omitted from O. S. 1931, although it is still in force and effect. Under the provisions of section 10024, supra, each of the county commissioners was entitled to compensation at the rate of $3 per day, not to exceed 60 days, for overseeing roads and bridges, and under the provisions of section 10141, supra, they are entitled to compensation therefor at the rate of $3 per day, not to exceed 20 days, where township government has not been abolished, and not to exceed 40 days where township government has been abolished. To this extent the Court of Tax Review was in error, and it is directed to modify its judgment accordingly.

The only other statute applicable to a county with a population of 14140 is section 7862, O. S. 1931, which was enacted as chapter 177, Session Laws 1927, and which section is inoperative and void under the rule stated by this court in Caddo County v. Chicago, R. I. P. Ry. Co., 155 Okla. 32, 7 P. (2d) 900.

The other issue involved herein is the tax levy for school district No. 54 of Grant county. The Court of Tax Review increased the amount of the balance on hand in the fund as shown in the financial statement, by striking from the statement an item of $612.-51 shown thereon to be reserved for the purpose of paying interest on the outstanding warrants for the fiscal year for which that statement was made. We find and hold that there was error therein. Under the rule stated in C. D. Coggeshall & Co. v. Smiley, Co. Treas., 142 Okla. 8, 285 P. 48, there should have been deducted from the balance on hand at the end of the fiscal year an amount sufficient to liquidate all valid unsettled contracts made during that fiscal year. The financial statement showed the amount of the outstanding warrants for that fiscal year. Under the provisions of the statute those warrants draw interest at the rate of 6 per cent. and the amount of that interest constitutes a part of the valid unsettled contracts made during that fiscal year. In order that there may be no question in the future, we repeat that, in determining the amount of valid unsettled contracts made during a fiscal year at the end of the fiscal year, the amount of interest on outstanding warrants for that fiscal year may be added to the principal amount of

those warrants. The judgment of the Court of Tax Review on this issue is reversed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, BUSBY, and WELCH, JJ., concur. OSBORN and BAYLESS, JJ., absent.